IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. PRESTON WILLIAMS

**Appeal from the Criminal Court for Shelby County**
**Nos. 02-08555, 03-02490, 03-02937, 03-02938 and 03-04121**
**Carolyn Wade Blackett, Judge**

----------

**No. W2004-00072-CCA-R3-CD  - Filed February 14, 2005**

----------

Preston Williams pleaded guilty to six crimes, for which he was sentenced as a Range I, standard offender and received an effective eight-year sentence.  Aggrieved of the trial court's refusal to suspend his sentence, the defendant now appeals his sentence.  After a thorough review of the record and applicable law, we affirm the decision of the lower court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the Appellant, Preston Williams.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Thomas Henderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant, Preston Williams, pleaded guilty in Shelby County Criminal Court to six crimes, namely three counts of aggravated burglary, one count of theft of property over $1,000, one count of theft of property over $500, and one count of vandalism over $500.  The defendant entered into a plea agreement with the state specifying the agreed length of service for each charge, with the manner of service left to the determination of the trial court. At the defendant's sentencing hearing, the defendant testified on his own behalf, and defense counsel questioned him about his motivation for committing the instant crimes and his amenability to rehabilitation.  The defendant responded that he committed the burglaries and thefts at issue in order to fuel his expensive drug habit.  The defendant also reported that while he had not completed high school, he did receive a G.E.D. and that the eleven months that he spent incarcerated prior to his sentencing hearing had caused him to rethink his past decision-making and to consider the consequences of his decisions

before he made them. The defendant was twenty years old at the time of his hearing and nineteen years old when he committed the instant crimes.

On cross-examination, the state questioned the defendant about his criminal history, including his juvenile criminal activity. The defendant had committed several crimes as a juvenile, including possession of marijuana, aggravated burglary, possession of burglary tools, unlawful possession of a weapon, criminal trespass, and rape of a child, for which he received warnings, probation, and placement in a training center. The defendant testified that he committed the instant crimes to support his expensive marijuana and powder cocaine habit and further testified that he had last used drugs on the day that he was incarcerated. The defendant used drugs on that date despite having appeared in court that morning for a bond arraignment.

At the conclusion of the proof and counsel's arguments, the court denied the defendant's request for probation, instead sentencing him to serve an effective eight-year sentence. The defendant received three-year sentences for each of his three aggravated burglary convictions, a two-year sentence for his theft of property over $1,000 conviction, a one-year sentence for his theft of property over $500 conviction, and a one-year sentence for his vandalism conviction. The court ordered two of his three-year aggravated burglary sentences to run concurrently, rendering an effective three-year sentence for those convictions, and ordered his remaining three-year aggravated burglary sentence and his two-year theft of property over $1000 sentence to run concurrently, rendering an effective three-year sentence for those two convictions, as well. Finally, the court ordered those two effective three-year sentences to run consecutively to each other and consecutively to the defendant's one-year theft of property over $500 sentence and one-year vandalism sentence, rendering an effective aggregate eight-year sentence.

When denying the defendant's request for probation, the court based its decision on the severity of the defendant's crimes, the number of crimes he committed, his criminal history, and the court's perception that the defendant was not amenable to rehabilitation based on his testimony at the sentencing hearing. The defendant now appeals his sentence, arguing that the trial court erred by refusing to grant his request for probation. We disagree and affirm the judgments of the lower court.

When there is a challenge to the manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *See id.* If appellate review, however, reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The mechanics of arriving at an appropriate sentence are spelled out in the Criminal Sentencing Reform Act of 1989. In the present case, the trial court accepted the range classification and length of sentence negotiated by the parties, and the court merely determined the manner of service of the eight-year sentence. In making this determination, the court is required to consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. §§ 40-35-210(a), (b); -35-103(5) (2003).

The defendant was classified as a Range I standard offender and stands convicted of Class C, D, and E felonies. As such, he is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. *See id.* § 40-35-102(6). However, this presumption does not entitle all offenders to an alternative sentence; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The presumption of favorable candidacy for alternative sentencing may be rebutted, for instance, by a showing that confinement may be necessary to "protect society by restraining a defendant who has a long history of criminal conduct" or that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *See* Tenn. Code Ann. § 40-35-103(1)(A), (C) (2003).

In the present case, the defendant claims that he should have been granted full probation. However, the determination of entitlement to full probation necessarily requires a separate inquiry from that of determining whether a defendant is entitled to a less beneficent alternative sentence. *See State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000). A defendant is required to establish his "suitability for full probation as distinguished from his favorable candidacy for alternative sentencing in general." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* Tenn. Code Ann. § 40-35-303(b) (2003); *Bingham*, 910 S.W.2d at 455-56. A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000).

We first note that there is sufficient affirmative evidence in the record to conclude "that the trial court considered the sentencing principles and all relevant facts and circumstances"; thus, we will conduct our *de novo* review with a presumption that the trial court's determinations are correct. *See State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

As outlined *supra*, the trial court concluded that the defendant was not a suitable candidate for probation based upon the severity of the defendant's crimes, the number of crimes he committed, his criminal history, and the court's perception that the defendant was not amenable to rehabilitation based on his testimony at the sentencing hearing. Indeed, the record reflects that the

defendant "has a long history of criminal conduct" and that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *See* Tenn. Code Ann. § 40-35-103(1)(A), (C) (2003). Thus, the state has overcome the presumption that the defendant is a favorable candidate for alternative sentencing.

We conclude that the defendant has failed to meet his burden of demonstrating that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *Dykes*, 803 S.W.2d at 259. On appeal, the defendant merely argues that the trial court's failure to probate his sentence is erroneous because the court failed to consider certain applicable factors, such as his young age, his apologetic and remorseful statements made in his presentence report, and his "general positive attitude toward rehabilitation as reflected in his presentence report and his testimony at trial." These allegations do not amount to an effective demonstration that the defendant is indeed a suitable candidate for probation, nor are they sufficient to rebut the presumption of correctness applied to the trial court's findings. Accordingly, we hold that the defendant's appeal lacks merit and therefore affirm the sentence imposed by the lower court.

_____
JAMES CURWOOD WITT, JR., JUDGE